No. 3513

Second Circuit

——

JOHNSON v. BEEBE

——

(January 31, 1930. Opinion and Decree.)

——

James W. Jones, Jr., of Natchitoches, attorney for plaintiff, appellee.

T. A. Carter, of New Orleans, attorney for defendant, appellant.

WEBB, J. Plaintiff instituted this action to recover judgment against defendant for an alleged balance due on the price of certain hewn timbers, piles and cross-ties, alleged to have been sold and delivered to defendant.

Plaintiff annexed to his petition an itemized statement showing quantity of timbers sold and credits of amounts paid and merchandise purchased by plaintiff from defendant, leaving a balance due of $210.88, and on trial additional credits, amounting to

$44.80, were allowed, and judgment rendered in favor of plaintiff for $166.08, from which judgment defendant appeals.

The additional credits for which allowance was made consisted of the following items: Elastic, 25 cents; account Dave Johnson, $5.50; cloth, 80 cents; groceries, $10; shoes, $2.75; and check of date 4/11/25, $25—which credits appear from the books of plaintiff, which were filed in evidence by him, but the plaintiff complains that the statement filed by him shows a patent error of $22 against him in the aggregate of the credits, and that the court should have allowed him judgment for $188.08, while defendant urges that the evidence failed to establish that the quantity of timbers was as shown on the account, and also that plaintiff did not offer any evidence in support of three debit items, to-wit: 6 No. 3 cypress ties at 60 cents each, $3.60; 6 No. 4 cypress ties at 70 cents each, $4.20; and 23 No. 5 cypress ties at 80 cents each, $18.40—aggregating $26.20. And further that the evidence established that defendant had paid plaintiff, $45 in cash, for which an additional credit should have been allowed.

The parties do not appear to have kept an accurate account of their transactions, and the statements of the accounts presented by them are in conflict, and each of them offered evidence in conflict with their respective claims. But from our review of the record we find that the additional credit of $44.80 was properly allowed, and that plaintiff failed to offer any evidence in support of the three debit items shown on his statement, aggregating $26.20, for which a deduction should be made; that the evidence established that plaintiff had been paid $45 in cash, for which defendant should be credited; and that there is a patent error of $22 in the statement filed by plaintiff, for which allow-ance should be made. We find the plaintiff should have had judgment for $106.80 instead of $166.08.

It is therefore ordered that the judgment appealed from be amended by reducing the amount of the judgment from $166.08 to $106.88, and as thus amended the judgment is affirmed. Cost of appeal to be paid by plaintiff.